**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MOMCILO CVIJANOVIC,
Plaintiff-Appellant,

v.

LORAL CORPORATION,
Defendant-Appellee,                                             No. 95-3147

and

INTERNATIONAL BUSINESS MACHINES
CORPORATION,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-511-A)

Submitted: August 22, 1996

Decided: September 12, 1996

Before HALL, MICHAEL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew W. Lucas, LUCAS & LUCAS, Vienna, Virginia, for Appel-
lant. Mark E. Baker, CROWELL & MORING, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Momcilo Cvijanovic appeals the district court's order granting summary judgment in favor of Loral Corporation ("Loral") in this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e-3, 2000e-5 (West 1994), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A.§§ 623, 626 (West 1985 & Supp. 1996). On appeal, Cvijanovic contends that the district court erred in dismissing his claim of retaliatory discharge arising from his complaint to the Human Resources Department* regarding ethnically disparaging comments made by other employees. In addition, Cvijanovic asserts that the district court erred in dismissing his claim of age discrimination. We affirm.

To sustain a claim for retaliation, the employee must establish: "(1) the employee engaged in protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action." Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Assuming the existence of a prima facie case, Loral bore the burden of articulating a legitimate, nondiscriminatory reason for the discharge. Id. Loral met this burden by presenting overwhelming evidence that Cvijanovic was discharged pursuant to a reduction in force prompted by a steady business decline and that Cvijanovic was selected for layoff because he was ranked as less skilled than other employees.

_____

*At the time the complaints were made, the facility where Cvijanovic worked was owned by International Business Machines Corporation ("IBM"). IBM sold the facility to Loral in March 1994. Cvijanovic's claims against both IBM and Loral were dismissed in the district court, and Cvijanovic appealed. IBM was voluntarily dismissed with prejudice as a party-appellee on February 13, 1996.

2

Cvijanovic failed to meet his renewed burden of proving by a preponderance of the evidence that Loral's articulated reasons were untrue or pretextual. See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S.___, 64 U.S.L.W. 4243 (U.S. Apr. 1, 1996) (No. 95-354); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). Cvijanovic asserts as evidence of pretext that one of the managers involved in the discharge decision had previously conducted a course of retaliation against Cvijanovic including reducing his responsibilities and assigning him to less demanding tasks. On the basis of these contentions, Cvijanovic urges this court to conclude there was sufficient evidence to survive Loral's motion for summary judgment. This we decline to do. In his brief before the court, Cvijanovic points to no real evidence that Loral's specific, logical, multi-level review and ranking of all employees prior to discharge was pretextual. In addition, even assuming his supervisor had previously retaliated against him (which is disputed, but not at issue in this appeal), it is undisputed that this manager was only one member of the managerial staff responsible for the discharge decisions. Therefore, the district court did not err in concluding that Cvijanovic failed to "show a genuine factual dispute over the employer's legitimate nondiscriminatory explanation." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1317 (4th Cir. 1993).

Next, we conclude that Cvijanovic cannot prevail on his claim of age discrimination. In a reduction-in-force case, we apply a modified version of the McDonnell Douglas standard:

> (1) the employee was protected by the ADEA; (2) he was selected for discharge from a larger group of candidates; (3) he was performing at a level substantially equivalent to the lowest level of those of the group retained; and (4) the process of selection produced a residual work force of persons in the group containing some unprotected persons who were performing at a level lower than that at which he was performing.

Mitchell, 12 F.3d at 1315. Indisputably, Cvijanovic satisfies elements one and two; he is in the protected class and was discharged. However, Cvijanovic failed to meet the third and fourth elements. The

3

only evidence Cvijanovic can point to are statistics regarding the number of employees discharged and the ages of those employees. However, Cvijanovic's statistics are meaningless, because they are unaccompanied by statistics of the age composition of the work force from which the employees were laid off or statistics regarding the comparative skill levels of the employees by age. See Henson v. Liggett Group, Inc., 61 F.3d 270, 276-77 (4th Cir. 1995). Consequently, the district court properly dismissed Cvijanovic's ADEA claim.

For the foregoing reasons, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4