**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES D. BURNS,
Plaintiff-Appellant,

v.

AAF-MCQUAY, INCORPORATED, a

Minnesota Corporation,
Defendant-Appellee.

No. 95-2831

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Amicus Curiae.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-94-49-H)

Argued: June 3, 1996

Decided: September 23, 1996

Before ERVIN and MOTZ, Circuit Judges, and SPENCER,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed in part and reversed and remanded in part by published
opinion. Judge Ervin wrote the opinion, in which Judge Motz and
Judge Spencer joined.

_____

**COUNSEL**

**ARGUED:** Stephanie Rader Sipe, LITTEN & SIPE, Harrisonburg,
Virginia, for Appellant. Paul D. Ramshaw, UNITED STATES

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. Bruce McCoy Steen, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Charlottesville, Virginia, for Appellee. **ON BRIEF:** Donald D. Litten, Sr., LITTEN & SIPE, Harrisonburg, Virginia, for Appellant. C. Gregory Stewart, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. J. Robert Brame, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Charlottesville, Virginia, for Appellee.

_____

**OPINION**

ERVIN, Circuit Judge:

Frances Burns sued her former employer, AAF-McQuay, Inc., alleging that she was demoted and constructively discharged in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The magistrate judge found a genuine issue of material fact as to whether AAF-McQuay's asserted reasons for the demotion were pretextual. The district court disagreed, finding insufficient evidence of pretext or of constructive discharge, and entered summary judgment in favor of AAF-McQuay. We affirm the court's finding that Burns failed to prove constructive discharge, but reverse and remand for trial on the question of whether she was demoted illegally.

I

Federal question jurisdiction over ADEA actions is appropriate under 28 U.S.C. § 1331. This court has appellate jurisdiction over the district court's summary judgment under 28 U.S.C.§ 1291. We review the district court's summary judgment de novo, e.g., Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), viewing the evidence in the light most favorable to the non-moving party. E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

2

II

The district court stated the facts in the light most favorable to Burns:

> The plaintiff, Frances D. Burns, was employed by the defendant, AAF-McQuay, Inc., for approximately sixteen years at the defendant's facility in Staunton, Virginia. The plaintiff was the secretary to the human resources manager until her reassignment to the position of switchboard operator. Approximately one month after her reassignment, the plaintiff resigned her employment with the defendant. From 1978 to 1991, the plaintiff was supervised by Chuck Welsh (Welsh). From 1991 to 1992, the plaintiff was supervised by Gary Alderson (Alderson). In 1992, Stephen B. Horney (Horney) became the human resources manager and the plaintiff's supervisor. Horney was the plaintiff's supervisor at all times relevant to this matter.

> The plaintiff claims that supervisors Welsh and Alderson consistently evaluated the plaintiff's performance as "commendable" or "excellent." The plaintiff claims that she maintained good working relationships with both Welsh and Alderson and that neither supervisor criticized her work performance. Alderson testified that the plaintiff was an excellent employee and that her job was definitely not in jeopardy because of her work performance.

> The defendant claims, however, that Horney became dissatisfied with the plaintiff's performance.

> * * *

> In February 1994, Horney transferred the plaintiff to the position of switchboard operator and replaced the plaintiff with Donna Brown, then thirty-nine years of age. On March 4, 1994, the plaintiff resigned from the company. At the time of her transfer, the plaintiff was sixty-five years of age, and Horney was forty-six years of age.

3

Memorandum Opinion at 2-4.

III

A

The Fourth Circuit recognizes two avenues of proof by which an employee can prove an ADEA violation: "(1) under ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue, or (2) under a judicially created proof scheme originally used in the Title VII context in <u>McDonnell Douglas Corp. v. Green</u> . . . and subsequently adapted for use in ADEA cases." <u>Tuck v. Henkel Corp.</u>, 973 F.2d 371, 374-75 (4th Cir. 1992) (citing, <u>inter alia</u>, <u>McDonnell Douglas</u>, 411 U.S. 792 (1973)), <u>cert. denied</u>, 507 U.S. 918 (1993). The district court determined that Burns had failed to create a genuine issue of material fact under either framework.

On appeal, Burns relies only on the <u>McDonnell Douglas</u> scheme. We described its operation in <u>Tuck</u>:

> [T]he employee must first establish a <u>prima facie</u> case of age discrimination by showing that (1) he is a member of the protected age group (over 40); (2) he was discharged or demoted; (3) at the time of discharge or demotion he was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.[1] Such a <u>prima</u>

_____

[1] In April the Supreme Court reversed a decision of the Fourth Circuit in <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 116 S. Ct. 1307 (1996). The Court took no position on the applicability to the ADEA of the <u>McDonnell Douglas</u> framework:

> In assessing claims of age discrimination brought under the ADEA, the Fourth Circuit, like others, has applied some variant of the basic evidentiary framework set forth in <u>McDonnell Douglas</u>. We have never had occasion to decide whether that application of the Title VII rule to the ADEA context is correct,

4

facie case creates only an inference of age discrimination, which the employer can then rebut by presenting legitimate, non-discriminatory reasons for the termination. If the employer rebuts the employee's inference of age-based discrimination, the employee can still prevail by demonstrating by a preponderance of the evidence that the defendant's proffered reason was a pretext for discrimination. To make this demonstration, the employee must show that as between the plaintiff's age and the defendant's explanation, age was the more likely reason for the dismissal, or that the employer's proffered explanation is simply "unworthy of credence." The burden of persuasion remains with the plaintiff throughout.

973 F.2d at 375 (emphasis added) (citations omitted).

The district court found that Burns had satisfied the requirements of the prima facie case, so the burden of production shifted to AAF-McQuay to demonstrate nondiscriminatory reasons for demoting her. Moreover, the court agreed that Burns had responded to AAF-McQuay's asserted reasons with sufficient evidence that a jury could disbelieve some of them. It concluded, however, that she had not created a jury issue because her evidence failed to challenge two of the reasons.

Burns contends on appeal that her evidence, while perhaps failing to rebut each of AAF-McQuay's reasons individually, is sufficient in the aggregate that a jury reasonably could find all of AAF-McQuay's proffered reasons to be pretextual. She is joined in that position by the EEOC, as amicus curiae. The McDonnell Douglas framework, the

_____

but since the parties do not contest that point, we shall assume it.

116 S. Ct. at 1309-10 (citations and footnote omitted). The Court did modify the framework somewhat, however, by ruling that the worker who replaces an ADEA plaintiff need not be outside the protected class: "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age." Id. at 1310.

5

EEOC argues, does not require a plaintiff to refute every nondiscriminatory reason offered by the employer. A particular reason may be "so arbitrary or unreasonable that a factfinder may infer, on that ground alone, that the challenged decision was not actually based on that reason, and that the reason is a pretext for discrimination." Or, it continues, the plaintiff's evidence undermining some of the defendant's asserted reasons might lead a jury to believe that the remaining reasons also are pretextual.

Burns's and the EEOC's proposed application appears compelling in a vacuum, because an employer should not be able to avoid trial by offering flimsy excuses. But the McDonnell Douglas framework is not a vacuum. It is a cousin of res ipsa loquitur that effectively shifts the burden of production by allowing a plaintiff to get to the jury on her own flimsy evidence, without proving a discriminatory motive, if the employer cannot show a nondiscriminatory motive. It does not shift the burden of proof, however, but offers an alternate means by which a plaintiff may prove the same ultimate point:

> Despite the "minutiae of the various proof schemes set forth in McDonnell Douglas," we emphasized in Birkbeck v. Marvel Lighting Company, 30 F.3d 507, 511 (4th Cir.[ ]), [cert. denied, 115 S. Ct. 666 (1994),] that the"straightforward" question to be answered in discrimination cases is whether the plaintiff has successfully demonstrated that she was the victim of age discrimination on the part of the employer. To withstand summary judgment, [a claimant] must produce direct or circumstantial evidence "of a stated purpose to discriminate [on the basis of age] of sufficient probative force to reflect a genuine issue of material fact." [EEOC v.] Clay Printing, 955 F.2d [936,] 941 [(4th Cir. 1992)] (quoting Goldberg v. B. Green & Co., Inc., 836 F.2d 845, 848 (4th Cir. 1988)).

Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995). Therefore, if the plaintiff offers nothing to disprove the defendant's nondiscriminatory explanations, the explanations' weakness alone is insufficient to create an issue of pretext. Instead, the burden of production returns to the plaintiff to present affirmative evidence of age-based animus.

6

The district court found that Burns's evidence was insufficient to reach the jury under the traditional proof scheme. Even if we accept that conclusion, however, it is not dispositive of the pretext question under the McDonnell Douglas framework. A showing of pretext demands the same type of proof--affirmative evidence of discriminatory intent--required under traditional principles, but not necessarily the same quantum. Affirmative proof that alone does not suffice under the traditional scheme may, when combined with the weakness of the defendant's asserted nondiscriminatory reasons, create a prima facie case of pretext.

Burns reports several incidents that, she contends, reveal Horney's age-based animus toward her. She alleges that Horney "told her that she did not `fit into [his] group,'" "accused her of walking around like a `ten-year-old' even though she was sixty-five," "questioned her about her plans to retire," and "threaten[ed] to demote her." Burns also points to concerns Horney expressed about the quality of her work, including typographical errors. Horney was asked in his deposition what he thought might have caused Burns's unsatisfactory performance:

> A. My guess is that would probably link with the loss of skills. Again, that's just a general statement.
>
> Q. Loss of skills. What would be a cause of loss of skills?
>
> A. I don't know. It's by virtue of not doing it enough or doing too much or whatever. I don't know as far as why do people lose skills. Why do you lose your memory? Why do you have problems reading? Is it your eyeglasses? I don't know. Inability to concentrate, I guess, would probably incorporate all of those in potential loss of skill.
>
> Q. Do you think her age had anything to do with her loss of skills?
>
> A. I don't know. That's not my--I don't know. I've seen people that had skills that were younger and for some

7

reason lost skills, inability to adapt to an environment. I don't know if that's a good analogy. And then I think people who are older have the willingness and ability to do out-standing work. So as far as the age issue, probably it didn't cross my mind, no.

The district court held that this proof was insufficient to create a genuine issue of fact under the traditional scheme: "`[I]solated and ambiguous statements . . . are too abstract, in addition to being irrele-vant and prejudicial, to support a finding of age discrimination.'" Memorandum Opinion at 11 (quoting O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-49 (4th Cir. 1995), rev'd on other grounds, 116 S. Ct. 1307 (1996) (internal quotations omitted)). We agree. The evidence cited indicates that Horney was cognizant of Burns's age, and associated it with deficiencies in her performance. But demotion based on performance does not violate the ADEA, even if the employer believes that the performance problems are age-related. For example, if a professional athlete loses his speed, his team will not have to keep him just because the coaches believe that the loss is attributable to age.

Nevertheless, evidence of the weakness of AAF-McQuay's nondis-criminatory reasons bolsters Burns's ambiguous affirmative proof. AAF-McQuay cited approximately eighteen incidents that allegedly motivated its demotion of Burns, but the district court found that Burns cast into doubt all but two--"six to ten typographical errors . . . , and the . . . failure to schedule the arbitration meeting." A jury might find that those two incidents truly motivated AAF-McQuay's demotion of Burns, or it might disbelieve Burns's contradictory evi-dence and conclude that all eighteen incidents contributed to the deci-sion. However, if the jury accepts Burns's evidence contradicting sixteen of the eighteen incidents, and her proof that Horney made ambiguous comments about her age, it might reasonably conclude that AAF-McQuay used the two remaining incidents as a pretext for age-based discrimination.

B

The district court acknowledged, and AAF-McQuay does not dis-pute, that Burns's demotion constituted an "unfavorable employment

8

action." Thus, if prompted by an illegal motive, it would be compensable under the ADEA. The court rejected, however, Burns's contention "that the defendant's continued hostility toward the plaintiff coupled with the demoralizing effect of her reassignment forced her to resign her employment and thereby constitute[d] a `constructive discharge.'" Memorandum Opinion at 7. To prove constructive discharge, the district court noted, a plaintiff must show that the employer intended to induce the plaintiff to quit. E.g., Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985), cert. denied, 475 U.S. 1082 (1986). Moreover, the plaintiff must prove that "a reasonable person in the employee's position would have felt compelled to resign" by the employer's actions. Id.

The district court held that Burns failed under both prongs. Burns "assumed" that Horney intended her to resign, the court pointed out, from Horney's alleged arrogance, disrespect, unkindness, and hostility, even though other employees testified that Horney acted arrogantly toward them, also. The court held that a jury could not reasonably make the same assumption.

On appeal, Burns attempts to distinguish Horney's treatment of her from his treatment of other employees. Her demotion itself, she argues, belies Horney's intent to force her out. Moreover, after Horney demoted her, he harassed her for reading the newspaper at the switchboard on her own time, criticized her for not opening the switchboard on time when she actually had opened it early, and inexplicably threatened to fire her one day upon her return from lunch.

We agree with Burns that AAF-McQuay has not presented evidence of equivalently offensive conduct by Horney toward other employees. However, even if Horney particularly disliked Burns, that alone does not support an inference that he intended to force her to resign.[2] The district court correctly determined, therefore, that Burns had failed to present sufficient evidence of constructive discharge.

_____

[2] Because Burns presented insufficient evidence that Horney intended to force her out, we need not address the tolerability of her working conditions.

9

IV

Burns's affirmative evidence of discrimination is sufficient, when combined with evidence that AAF-McQuay's asserted reasons for demoting her were insubstantial, to create a genuine issue of material fact as to whether those reasons were a pretext for age-based discrimination. However, Burns has not presented sufficient evidence of constructive discharge. Consequently, we affirm the court's summary judgment on the question of constructive discharge, but reverse and remand for a jury determination of whether the demotion violated the ADEA.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART

10