**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES L. McDONALD,
Plaintiff-Appellant,

v.

No. 96-1308

CABOT CORPORATION, a foreign
corporation,
Defendant-Appellee.

JAMES L. McDONALD,
Plaintiff-Appellant,

v.

No. 96-1512

CABOT CORPORATION, a foreign
corporation,
Defendant-Appellee.

Appeals from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles Haden II, Chief District Judge.
(CA-95-277-6)

Argued: January 27, 1997

Decided: August 15, 1997

Before ERVIN and LUTTIG, Circuit Judges, and
HILTON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William L. Jacobs, Parkersburg, West Virginia, for Appellant. David Steven Russo, ROBINSON & MCELWEE, Charleston, West Virginia, for Appellee. **ON BRIEF:** Joseph M. Price, C. Scott Masel, ROBINSON & MCELWEE, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James McDonald sued Cabot Corporation for terminating his employment in 1994, when he was 43. McDonald alleges that Cabot's actions violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and The West Virginia Human Rights Act (Human Rights Act), W. Va. Code §§ 5-1-11 et seq.* The district court granted Cabot's motion for summary judgment and McDonald now appeals. With the following brief discussion, we affirm.

Where no genuine dispute exists as to a material fact, summary judgment is appropriate if the moving party is entitled to prevail as a matter of law. See Fed. R. Civ. P. 56(c); Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). In the instant case, McDonald must show sufficient evidence to allow a reasonable jury to conclude that his termination was due to illegal age animus in order to survive Cabot's motion for summary judgment. See Henson , 61 F.3d at 275. At this stage, McDonald is entitled to have all evidence taken in the light most favorable to him and all possible inferences drawn in his

_____

*McDonald originally sued Cabot in West Virginia state court, but Cabot removed to federal district court, which had diversity jurisdiction to hear the case, pursuant to 28 U.S.C. §§ 1332, 1441.

2

favor. See Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 233 (4th Cir. 1991). However, a mere scintilla of evidence in support of McDonald's position is inadequate to avert summary judgment. See Henson, 61 F.3d at 274.

In cases brought pursuant to both the Human Rights Act and the ADEA a plaintiff may rely on a burden shifting scheme like that set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to prove his or her case. See Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996) (employing burden-shifting framework for analysis of ADEA cases), cert. denied, 117 S. Ct. 1247 (1997); Henson, 61 F.3d at 274 (same); McCauley v. Merrimac, Inc. , 460 S.E.2d 484, 487 (W. Va. 1995) (employing the same analysis for cases brought under the Human Rights Act); Barefoot v. Sundale Nursing Home, 457 S.E.2d 152, 159-60 (W. Va. 1995) (same). Under this scheme a plaintiff must first prove a prima facie case of discrimination before any burden is placed on the defendant. See Conkwright, 933 F.2d at 234; Barefoot, 457 S.E.2d at 160.

In the instant case, McDonald readily proves two elements of the prima facie case for violations of both the ADEA and the Human Rights Act: he is over forty and, therefore, a member of a protected class, and he was fired by Cabot. Conkwright, 933 F.2d at 234; McCauley, 460 S.E.2d at 487. In addition, Cabot does not contest that McDonald was performing his job satisfactorily, which we have identified as an element of a prima facie case under the ADEA, see Conkwright, 933 F.2d at 234, although it is not an explicit requirement under West Virginia law. Therefore we need not further consider these three factors.

The final element which McDonald must prove under federal and state law is that he was replaced by someone younger than himself, giving rise to an inference of discrimination. O'Connor v. Consolidated Coin Caterers Corp., 116 S. Ct. 1307, 1310 (1996). This requirement has alternatively been articulated in the state law context as requiring some evidence linking the employment decision to the employee's protected status. Barefoot, 457 S.E.2d at 161. It is this final prong that McDonald is simply unable to prove, regardless of how broadly we articulate the requirement.

3

McDonald argues that he was replaced by persons younger than himself, but he offers only his own, unsubstantiated affidavit that two young employees at Cabot, Richard Hyde and Melanie Collins, assumed his duties after his termination. However, McDonald's affidavit is entirely unpersuasive. First, it is merely conclusory, offering no evidence to support his assertion that the two younger employees are doing his former job. McDonald fails to explain how he knows who assumed his duties or what occurred at Cabot after he left. The district court was correct to reject the affidavit because McDonald has not shown that he is competent to testify about its contents. More importantly, McDonald's affidavit is contradicted by his earlier deposition testimony. When asked at his deposition, he said he had never met either Collins or Hyde and did not know their ages or their duties at Cabot. We have made clear that an unsubstantiated affidavit by the plaintiff, in contradiction to his own previous deposition testimony, is simply inadequate to create a genuine issue of material fact and avert summary judgment. See Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984).

In contrast to McDonald's utter paucity of evidence, Cabot has presented affidavits and deposition testimony that McDonald's former position at Cabot was eliminated. To the extent that other employees assumed any of McDonald's duties after his departure, Cabot has shown that those employees were older than McDonald, not younger.

We conclude that McDonald has been unable to make out an essential element of his prima facie case because he has offered no evidence that he was terminated under circumstances which give rise to an inference of impermissible discrimination. Therefore we

AFFIRM.

4