**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS A. CRAMER,
Plaintiff-Appellant,

v.

No. 97-2775

INTELIDATA TECHNOLOGIES
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-97-344-A)

Submitted: November 30, 1998

Decided: December 31, 1998

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey Peter O'Connell, LAW OFFICE OF JEFFREY P.
O'CONNELL, Fairfax, Virginia, for Appellant. Christine H. Perdue,
Elizabeth A. Lalik, HUNTON & WILLIAMS, McLean, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas A. Cramer appeals the district court's order granting summary judgment in favor of Intelidata Technologies Corporation (Intelidata), formerly U.S. Order, and dismissing his claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA). See 29 U.S.C. §§ 621-634 (1994). Cramer filed this suit following his termination from his position as vice-president for new product development with Intelidata. Although Cramer's supervisors explained that his termination was a result of Intelidata's financial decision to eliminate his primary areas of responsibility with the company, Cramer believed that the adverse employment action was the result of impermissible age discrimination.*

On this belief, Cramer filed his civil action. After significant discovery, Intelidata filed a motion for summary judgment. The district court concluded that Cramer could not prove his case either through direct evidence of discrimination or establish a prima facie case to raise a presumption of age discrimination. On this conclusion, the district court granted summary judgment in favor of Intelidata and dismissed the action. Cramer appeals this final order.

This court reviews the grant of summary judgment in discrimination cases de novo. See Henson v. Liggett Group , 61 F.3d 270, 274 (4th Cir. 1995). Under the ADEA, an eligible employee can seek redress for unfavorable employment action where the employee's age was a determining factor in the action. See Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992). There are two avenues of proof by

_____

*Cramer also brought state law claims for wrongful termination and under the Virginia Human Rights Act. See Va. Code Ann. §§ 2.1-714 to 725 (Michie 1995 & Supp. 1998). The district court dismissed these claims and Cramer has not challenged that ruling in this appeal.

2

which an aggrieved employee can prove a violation of the Act. See Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3623 (U.S. Mar. 17, 1997) (No. 96-1040). The first is by employing "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." Tuck, 973 F.2d at 374. To overcome Intelidata's motion for summary judgment based on this first avenue of proof, Cramer must produce "direct evidence of a stated purpose to discriminate [on the basis of age] and/or circumstantial evidence of a stated purpose to discriminate [on the basis of age] of sufficient probative force to reflect a genuine issue of material fact." EEOC v. Clay Printing, 955 F.2d 936, 941 (4th Cir. 1992) (quoting Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988)). The district court concluded that Cramer had failed to present direct evidence that was sufficiently probative to the issue of whether Intelidata had discriminated against him.

On appeal, Cramer contends that the district court erred in reaching this conclusion. Cramer correctly notes that remarks by supervisors may be direct evidence of age discrimination. See Wilhelm v. Blue Bell, 773 F.2d 1429, 1433-34 (4th Cir. 1985). In doing so, Cramer recounts the numerous comments regarding his age, hairpiece, dentures, and sexual ability that he alleges his immediate supervisor, Joseph Smith, rained down on him.

Even assuming that the evidence Cramer presented in opposition to Intelidata's motion for summary judgment was direct evidence of discrimination, Intelidata was still properly entitled to summary judgment. In order for the alleged discriminatory statements to be probative of age discrimination, there must be a nexus between the statements by Smith and the decision-making process. See Clay Printing, 955 F.2d at 942 (explaining nexus requirement); see also Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511-12 (4th Cir. 1994) (noting insufficiency of "isolated" comments, even those of decision-makers, to support finding of discrimination); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (stating that age-related comments made by non-decision-makers are not material in showing action was based on age discrimination).

Cramer has failed to establish this nexus. Few of Smith's alleged comments linked Cramer's age with his job performance. More

3

importantly, Cramer's termination was based on Intelidata's decision to eliminate the projects that constituted the majority of Cramer's responsibilities with Intelidata. Consequently, the evidence of record shows that Cramer's termination had nothing to do with Smith's perception regarding Cramer's ability to perform his duties and everything to do with the fact that the bulk of Cramer's duties would no longer be a part of the work done by Intelidata. Cramer has the burden to show "that age was a determining factor in the action in the sense that but for [Intelidata's] intent to discriminate on the basis of age, [Cramer] would not have been subjected to the employment action." Clay Printing, 955 F.2d at 941 (internal quotation marks omitted). In light of the stated reasons for his termination, this is a burden Cramer failed to shoulder.

The second avenue by which a plaintiff may survive a motion for summary judgment allows an employee to proceed in the absence of direct evidence of discrimination pursuant to a modified version of the proof scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under that scheme, an employee can establish a prima facie case of age discrimination by showing that: (1) he is a member of the protected age group (over 40 years old); (2) he suffered an adverse job action; (3) he was performing at a level that met his employer's legitimate expectations; and (4) there was adequate evidence to create an inference that the adverse action was based on the employee's age, including evidence that he was replaced by someone of comparable qualifications who was "substantially younger." See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996) (modifying the fourth element of the scheme); Burns, 96 F.3d at 731 n.1.

In this case, the district court concluded that Cramer had failed to establish a prima facie case of discrimination under the modified proof scheme because Cramer had failed to show either that he was replaced by someone who was "substantially younger" or other evidence to create an inference of an impermissible motivation. Because his position was terminated contemporaneously with the decision not to retain Cramer, Intelidata did not hire anyone to replace Cramer after he was terminated. The person who assumed the duties that remained following Cramer's termination was only five years younger than Cramer, and not therefore "substantially younger" than

4

Cramer in the absence of additional evidence. See O'Connor, 517 U.S. at 312.

Cramer strenuously objects to the district court's conclusion that there was inadequate evidence to create an inference of an impermissible motivation for Cramer's termination. Even assuming Smith's comments were sufficient to create such an inference, the district court did not err in granting summary judgment in favor of Intelidata. If an employee establishes a prima facie case, the burden of production then shifts to the defendant employer who can rebut the prima facie case by presenting evidence of legitimate, non-discriminatory reasons for its action. See Burns, 96 F.3d at 731 (quoting Tuck, 973 F.2d at 375). The employee must then show that the employer's proffered reason was not the "true reason for the employment decision." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993) (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). The burden of persuasion remains with the employee at all times. See Burns, 96 F.3d at 731.

Once Intelidata meets its burden of production, Cramer "must bear the burden of proving that he was the victim of intentional discrimination. He can do this by demonstrating that [Intelidata's] proffered reason was a mere pretext and that, as between [his] age and [Intelidata's] explanation, age was the more likely reason for the dismissal." Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988) (citing EEOC v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir. 1983)); see also Halperin v. Abacus Technology Corp., 128 F.3d 191, 201 (4th Cir. 1997). In this case, Intelidata met its burden of production. There was ample evidence of record that Cramer's new product and new business development projects, which made up the bulk of his responsibilities, were eliminated as unproductive and unprofitable. In light of the elimination of his duties, Intelidata terminated Cramer. This reason meets Intelidata's burden of production.

Cramer suggests that the proffered reason was not the true reason for his termination by suggesting that Intelidata underrepresents his role in the company. In support of this contention, Cramer points to his position description published by Intelidata shortly before his termination. Cramer claims on appeal that the responsibilities Intelidata eliminated accounted for only ten percent of his time. However,

5

Cramer testified in his deposition that his time spent on new product development was more than fifty percent and twenty-five to thirty percent on new business development. This leaves less than twenty-five percent to the projects that Cramer contends Intelidata has ignored in deciding to terminate his position.

In attempting to show that Intelidata's proffered reason was pretextual, Cramer questions the wisdom of abandoning new business and sales development in a company that has recently been unprofitable. Cramer also attacks the "simplistic" nature of Intelidata's proffered reason. However, the crucial issue in an ADEA action is an unlawfully discriminatory motive for a defendant's action, not the wisdom or folly of its business judgment. See Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995).

Cramer notes that two of his product development projects continued for some period after Intelidata terminated his position. The record demonstrates that Intelidata at least engaged in the "winding down" of those projects after Cramer's termination. This evidence does not create an issue of material fact with respect to whether Intelidata's proffered reason for Cramer's termination was false. As a result, even assuming that the evidence of Smith's allegedly inappropriate comments was sufficient to create an inference of an impermissible motivation for Cramer's termination, Cramer has failed to show that the proffered legitimate business reason for the employment action was merely pretext. The district court did not err in concluding that summary judgment was appropriate.

Because Cramer failed to present sufficient evidence of illegal age discrimination either through direct evidence or the modified McDonnell Douglas proof scheme, we find that the district court did not err in granting summary judgment for Intelidata and dismissing the action. The district court's order is hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

6