UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AXIE D. WHITE,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1781

W.R. WINSLOW MEMORIAL HOME,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Malcolm J. Howard, District Judge.
(CA-98-42-2-H)

Submitted: February 22, 2000

Decided: March 15, 2000

Before MURNAGHAN and NIEMEYER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Leidy, HORNTHAL, RILEY, ELLIS & MALAND, L.L.P.,
Elizabeth City, North Carolina, for Appellant. Ronald G. Baker,
Kevin N. Lewis, BAKER, JENKINS, JONES & DALY, P.A., Ahos-
kie, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Axie D. White appeals the district court's order granting summary judgment in favor of W.R. Winslow Memorial Home, Incorporated (Memorial), and dismissing her claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA). See 29 U.S.C. §§ 621-634 (1994). White filed this suit following her termination from her position as a social worker for Memorial. Although White's supervisor explained that her termination was a result of White's poor job performance, White believed that the adverse employment action was the result of impermissible age discrimination.[1]

On this belief, White filed her civil action. After significant discovery, Memorial filed a motion for summary judgment. The district court first concluded that White could not prove her case through direct evidence of discrimination. The court then decided that even assuming White had established a prima facie case to raise a presumption of age discrimination, she was unable to demonstrate that Memorial's proffered non-discriminatory reason for her termination was pretextual. On this conclusion, the district court granted summary judgment in favor of Memorial and dismissed the action. White appeals this final order.

This Court reviews the grant of summary judgment in discrimination cases de novo. See Henson v. Liggett Group , 61 F.3d 270, 274 (4th Cir. 1995). Under the ADEA, an eligible employee can seek redress for unfavorable employment action where the employee's age was a determining factor in the action. See Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992). To establish a prima facie case of age discrimination, White must show: (1) she was a member of the pro-

_____

[1] White was sixty-four when she was dismissed from her position with Memorial.

tected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) that she was replaced by a substantially younger individual. See O'Connor v. Consolidated Coin Caterers, 517 U.S. 308, 312-13 (1996). If the plaintiff establishes a prima facie case, a presumption of discrimination arises which requires a defendant-employer to rebut the presumption by showing a legitimate, non-discriminatory reason for its actions. See Saint Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993). Once the defendant has offered a legitimate explanation, the presumption of discrimination drops away, and the plaintiff must prove that the employers proffered reason is pretextual and that age actually motivated the action. See id. at 507-08. The plaintiff, however, retains the ultimate burden of persuading the trier of fact that the defendant engaged in unlawful discrimination. See id. at 507 (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

The district court concluded that White failed to establish a prima facie case under the Act in that White failed to demonstrate that she was performing her job at a level that met Memorial's legitimate expectations.[2] The district court concluded that White was deficient in communication, maintaining the appearance of her office, and properly updating resident's charts. Our review of the evidence of record supports the district court's conclusion. White contends on appeal that the district court disregarded evidence that she took corrective action in response to each of the issues mentioned. However, White's own evaluation of her performance is insufficient to survive summary judgment. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996). Moreover, the opinion of White's supervisor and co-workers regarding her performance is more directly probative of the issue than the results of state surveys or affidavits of individuals not privy to the internal operation of Memorial. The district court did not err in determining that White failed to establish a prima facie case.

The district court also concluded that even assuming White could establish a prima facie case of discrimination, Memorial was still enti-

_____

**2** There is no debate with respect to the other elements of the prima facie case.

3

tled to summary judgment. If an employee establishes a prima facie case, as the district court assumed White did, the burden of production then shifts to the defendant-employer, who can rebut the prima facie case by presenting evidence of legitimate, non-discriminatory reasons for its action. See Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996) (quoting Tuck, 973 F.2d at 375). The employee must then show that the employer's proffered reason was not the "true reason for the employment decision." Hicks , 509 U.S. at 508 (quoting Burdine, 450 U.S. at 256). The burden of persuasion remains with the employee at all times. See Burns, 96 F.3d at 731. Once Memorial meets its burden of production, White "must bear the burden of proving that [s]he was the victim of intentional discrimination. [Sh]e can do this by demonstrating that [Memorial's] proffered reason was a mere pretext and that, as between [her] age and [Memorial's] explanation, age was the more likely reason for the dismissal." Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988) (citing EEOC v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir. 1983)); see also Halperin v. Abacus Technology Corp., 128 F.3d 191, 201 (4th Cir. 1997). In this case, Memorial met its burden of production.

As discussed above, Memorial contends that White was terminated because her performance was not satisfactory. Memorial supports the contention with depositions from White's supervisor, the assistant administrator of the facility, and the director of nursing for Memorial. This reason meets Memorial's burden of production. The district court must then evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them `unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (quoting Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 531 (3d Cir. 1992). Our review of the record and White's evidence reveals that White has fallen short of showing that Memorial's legitimate non-discriminatory reason for her termination was pretextual.

The crucial issue in an ADEA action is an unlawfully discriminatory motive for a defendant's action, not the wisdom or folly of its business judgment. See Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995). Even if Memorial's dismissal of White virtually without warning was an inefficient business decision, the

ADEA does not protect employees from bad decisions by their employers. See Giannopoulos v. Brach & Brock Confections, Inc., 109 F.3d 406, 410-11 (7th Cir. 1997). Consequently, so long as White's supervisor honestly believed that it was a valid business decision to fire White based on her performance, it is immaterial whether White can offer evidence that she did what she believed was appropriate. See Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 677 (7th Cir. 1997) (stating that "a reason honestly described but poorly founded is not a pretext as that term is used in the law of discrimination"). White has not presented evidence that would allow a factfinder to determine that Memorial's reasons for her termination were pretext for unlawful discrimination.

Finding no error in the district court's order granting summary judgment in favor of Memorial, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5