UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EARL S. COTTMAN,
             *Plaintiff-Appellant,*

v.

ROBERT RUBIN, Secretary,
Department of the Treasury,
             *Defendant-Appellee.*

No. 01-1545

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-98-4067-L)

Submitted: April 3, 2002

Decided: May 3, 2002

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Karl W. Carter, Jr., Washington, D.C., for Appellant. Thomas M.
DiBiagio, United States Attorney, Virginia B. Evans, Assistant United
States Attorney, Baltimore, Maryland for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Earl Cottman, a special agent of the United States Customs Service, appeals the district court's granting of his employer's motion for summary judgment, dismissing his claims of discriminatory treatment based upon race and reprisal in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001). We affirm.

Cottman, an African-American, has been employed with the United States Department of Treasury (Department) since 1975. He contends the Department discriminated against him because of his race and in reprisal for his prior Equal Employment Opportunity (EEO) activities.

The events leading to this lawsuit include an unacceptable performance rating for the 1993-1994 rating period, following which Cottman was offered the opportunity to improve by being placed on a Performance Improvement Plan (PIP) in accordance with Customs' policy, which he successfully completed. Cottman also did not receive a Commissioner's unit citation award, whereas four case agents, two African-Americans and two Caucasians, received the award for their involvement in four major heroin investigations. The record indicates, however, Cottman was not the case agent in any of the investigations and had logged fewer hours than the recognized agents.

Cottman was not recommended for participation in a special investigative assignment for the Office of Internal Affairs for which he volunteered during the pendency of his involvement in the PIP and while he was the subject of an ongoing Internal Affairs investigation.[1] The

---

[1]Cottman conducted a vehicle stop without any nexus to a border or Customs related enforcement activity during which he drew his weapon;

record further evidenced his supervisor believed he was not technically competent to complete the assignment. Notably, four other agents, including an African-American, were recommended. The Internal Affairs investigation led to Cottman's fourteen-day suspension without pay.[2]

We review an award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, we assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. To establish a prima facie case of disparate treatment, Cottman must show: (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to adverse employment action; and (4) similarly situated employees outside his class received more favorable treatment. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). To prevail on a Title VII retaliation claim, Cottman must show: (1) he engaged in a protected activity; (2) his employer took adverse employment action against him; and (3) a sufficient causal connection existed between

used his personally owned shotgun during the execution of a search warrant after having been informed previously that use of his shotgun was not authorized; and stored his personal, unauthorized shotgun in his Government vehicle, fully loaded with the safety off, in violation of Customs policy. A report of the first two incidents by an African-American deputy prompted the Internal Affairs investigation.

[2]Cottman further complains for the first time on appeal he was denied leave to attend the Internal Law Enforcement Olympics. Because Cottman raises this claim for the first time on appeal and does not allege exceptional circumstances, we decline to consider the claim. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

the first two elements. *See Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996).

If Cottman establishes a prima facie case, the burden shifts to the Department to articulate a legitimate, non-discriminatory reason for the adverse action. *See Burdine*, 450 U.S. at 254. If the Department meets this burden, Cottman must show by a preponderance of the evidence that the proffered reason was pretextual, and that the adverse action was motivated by discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000). Although the burden of production shifts, Cottman retains the burden of persuasion throughout all stages. *See Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996).

We find Cottman's claims the Department discriminated against him by placing him on a PIP, not nominating him for the special investigative assignment, and not recommending him for the Commissioner's award fail because the actions do not amount to redressable adverse employment actions, and he fails to establish a causal connection between the Department's actions and his prior protected activities. *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981) (focusing on whether there has been discrimination in an ultimate employment decision such as hiring, granting leave, discharging, promoting, and compensating). Moreover, Cottman failed to establish discriminatory animus. Even if Cottman were able to establish a prima facie case with respect to these claims, he failed to rebut the Department's non-discriminatory reasons for its actions. *See Williams v. Cerberonics*, 871 F.2d 452, 456 (4th Cir. 1989) (concluding a plaintiff's own assertions of discrimination are insufficient to counter substantial evidence of legitimate non-discriminatory reasons for adverse employment action). Likewise, assuming without deciding Cottman established a prima facie case of discrimination based on race and reprisal with respect to his suspension, we find he failed to rebut the Department's legitimate, non-discriminatory reasons for its actions. *Id.* Therefore, we conclude the district court did not err in granting summary judgment in favor of the Department, dismissing Cottman's complaint.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

als before the court and argument would not aid the decisional process.

*AFFIRMED*